*46 OPINION.
Arundell:
Petitioners contend that that portion of the amounts they received upon surrender of the annuities, which represents contributions made by persons other than Speyer & Co., is not taxable income since such contributions were gifts or bequests. Respondent argues that the contributions of the partners, including the 1938 contribution by Speyer were not gifts, but compensation for past or future services of the employee participants in the fund. He urges that, in any event, the fund was a pension trust within the meaning of section 165 of the Revenue Act of 1938,[1] and that that *47 section required that the excess of the amounts received over the amounts contributed by petitioners be taxed to petitioners in the year of distribution. . ..
The parties seem agreed that the fund was a pension trust within the meaning of section 165. They differ, however, in their interpretation of the effect of that section here. The literal words of the statute require that an employee participant in a pension trust fund he taxed on the amounts distributed or máde available to the employee in the taxable year to the extent that the distribution exceeds the amounts previously contributed by the employee. Respondent maintains that the statute must be construed literally and that such ■an interpretation requires that petitioners be taxed on all amounts received by them from the fund in excess of their contributions.
The predecessor of section 165 was section 219 (f) of the Revenue Act of 1921, which applied only to trusts created by an employer as a part of a stock bonus or profit-sharing plan and provided that the amount actually distributed or made available to any distributee should be taxed to him in the year distributed or made available to the extent it exceeds the amount paid in by him. Congress, in the Revenue Act of 1926, amended section 219 (f) to include a trust created by an employer as a part of a pension plan for employees. In the Revenue Act of 1928 the substance of section 219 (f) of the- previous act were set forth in section 165, except that its provisions were changed to carry nut Congress’ intent not to tax appreciation in value of stock purchased by the trustee of a stock bonus or profit-sharing trust and distributed to the employee. Thus, the section provided that “the amount contributed to such fund by the employer and all earnings of such fund shall be taxed to the distributee in the year in which distributed .or made available to him.” In 1932, Congress, observing that the quoted provisions of section 165 of the Revenue Act of 1928 caused a participating employee to be taxed on contributions of the employer and all earnings of the fund even though invested in stock which had greatly depreciated in value, again changed the provisions of section 165. Section 165 of the Revenue Act of 1932 thus provides, as did section 219 (f) of the Revenue Act of 1926, for the taxation to the dis-tributee, in the year in which distributed or made available to him, •of a stock bonus, profit-sharing, or pension trust of all amounts in *48 excess of the distributee’s contributions. So far as is material here, section 165 of the 1938 Act, which is applicable here, is substantially like section 219 (f) of the Revenue Act of 1926 and section 165 of the Revenue Act of 1932.
Petitioners argue, however, that the tax should not be imposed according to the plain language of section 165, which would require that the difference between what petitioners received and what they contributed to the fund should be taxed to them. They contend that their aliquot amounts of the contributions by Speyer and other partners, individually, the bequests from the two estates, and the amounts undrawn by deceased employees were gifts to the fund and that this gift characteristic follows through to the receipt of pensions by individual members of the fund. But this does not follow even if it be assumed that the contributions in question were in the nature of gifts to the fund. The contributions were, in any event, made with the clear understanding that they would be distributed under the terms of the constitution of the pension trust.
The benefits of the pension fund were not available without consideration being furnished on the part of the employee. In order to benefit he had to comply with the conditions prescribed by the fund’s “Constitution and Government.” These conditions were that the employee not only make contributions to the fund based upon salary, but also that he perform services for the firm of Speyer & Co. for no less than a specified number of years. The participating employees, by complying with the conditions of the fund, earned the right to pensions. Thus, whatever the status of the amounts contributed to the fund, the amounts received by the participants were in the nature of compensation to the extent that they exceeded employees’ contributions. See Cora B. Beatty, Executrix, 7 B. T. A. 726.
There can be no distinction made between the original contribution of $25,000 by Speyer, the contributions of the other partners, individually, the amounts left in the fund by deceased employees, and the amounts left to the fund by bequest. Upon receipt by the fund those amounts formed part of the principal of the fund which, together with accretions, was to be used to pay the pensions of qualifying employees. To the extent that those amounts plus the fund’s accretions exceeded the contributions of the employees, petitioners received income in the taxable year when they surrendered the annuities purchased for them. The result urged by petitioners would engender untold administrative difficulty. While it is not difficult in the present case to trace the contributions to their pro rata receipt by the pensioners, it would be practically impossible to do this in the case of a large pension trust, the existence of which might con *49 tinue after the year in which a tax is asserted against one of its pensioners. It seems clear that in the normal case of a pension trust the participants should be taxed on all amounts received by them in excess of. their own contributions.
A different treatment must be accorded the contribution by Speyer in 1938. Respondent, by affirmative allegation in his answer, seeks to tax to petitioner Ginn the $1,259.26 received by him from Speyer. Consequently, the burden is on respondent to show that Ginn is taxable on this additional amount. We are of the opinion that he has not sustained the burden. Speyer made the gift directly to Ginn of the amount necessary to make up the difference between the amount of the fund available for the purchase of Ginn’s annuity and the premium required for such purchase. Speyer, in his letter accompanying the check for $1,259.26, informed Ginn that the amount was a gift to him “to enable the purchase of the full annuity * * Here the amount was paid to Ginn, who turned it in to the fund. Thus, it was really part of Ginn’s own contribution to the fund, which is specifically tax-free under the provisions of section 165. This was a true gift and was both donated and received as a gift. It was not so qualified with conditions and requirements of the fund as to cause it to be treated as compensation. Accordingly, we deny respondent’s request to increase the deficiency of petitioner Ginn.
Petitioners contend, in the alternative, that they should be allowed earned income credits on the amounts received on surrender of the annuities which might be held to be in the nature of compensation. Respondent has advanced no argument against this proposition. Moreover, his rulings indicate his complete accord. See I. T. 2370, C. B. VI-2, p. 28; Mim. 3283, C. B. IV-1, p. 14. We note that respondent, in his notices of deficiency, allowed petitioners earned income credits based on the entire amounts by which he increased their net incomes. We need not concern ourselves, therefore, with this treatment. The question we have to determine is whether or not the earned income credit is allowable on the contributions made by the partnership as such and the earnings of the fund, which sums were originally returned by petitioners without claiming the earned income credit thereon. Respondent’s own rulings would seem to require that the earned income credit be applied as to these sums, except that the earnings and accretions attributable to petitioners’ own contributions should be treated as ordinary income. I. T. 2370, supra. The deficiency should be computed in this manner.

Decision, will be entered under Rule 60.

 SEC. 165. EMPLOYEES’ TRUSTS.
(a) Exemption prom Tax. — A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of some or all of his employees—
(1) if contributions are made to the trust by such employer, or employees, or both, for *47 tlie purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, * * *
* * * * * * *
shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of interest specified in section 25 (a).